IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CALVIN JACKSON, JR., | Case No. 2:22-cv-01832-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| S. SURBER, ERIN REYES, R. PERSON, MARK NOOTH, JANE DOE, JOHN DOE, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Calvin Jackson, Jr. ("Jackson"), an adult in custody ("AIC") of the Oregon Department of Corrections ("ODOC"), filed this action against several ODOC officials: S. Surber ("Surber"), Erin Reyes ("Reyes"), Mark Nooth ("Nooth"), R. Person,[1] and Jane and John Doe (together, "Defendants"), alleging constitutional claims under 42 U.S.C. § 1983. Now before the Court is Defendants' motion to dismiss. (ECF No. 12.)

///

---

[1] The Court notes that Jackson named "R. Person" as a defendant but does not thereafter describe any actions by R. Person. The Court believes Jackson intended to name Rob Persson, ODOC's Assistant Director of Operations. Should Jackson elect to file an amended complaint, he should clarify which individuals he intended to name as defendants.

PAGE 1 – OPINION AND ORDER

The Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636.[2] For the reasons discussed below, the Court grants Defendants' motion to dismiss.

## BACKGROUND

While incarcerated, Jackson filed a complaint asserting various claims against several ODOC officials.[3] (*See generally* Compl., ECF No. 2.)

Jackson claims that Surber refused to wear a mask during the COVID-19 ("COVID") pandemic despite policies instructing him to wear a mask and requests from Jackson and a nurse for Surber to wear a mask. (*Id.* ¶¶ 5, 20-25.) Jackson submitted a grievance reporting Surber's violation of the masking policy, and Reyes reviewed it. (*Id.* ¶¶ 2, 37-38.) In response, Reyes did nothing to address the policy violation. (*Id.* ¶ 38.) Jackson alleges that Reyes did not supervise Surber, ensure that staff followed the mask mandate, implement COVID-related training, or visit the housing units to ensure safety and compliance. (*Id.* ¶¶ 38-39, 42-43.)

Nooth reviewed and rejected Jackson's grievance appeal. (*Id.* ¶¶ 48-49.) Nooth's denial stated that Jackson had failed to provide any new information in his appeal, and Jackson claims

---

[2] Placeholder Doe defendants are not "parties" for the purpose of evaluating whether there is full consent to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (holding that magistrate judge jurisdiction vests after all named parties, whether served or unserved, consent); *Geppert v. Doe 1*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *1 n.2 (N.D. Cal. Sept. 7, 2023) (explaining that unnamed Doe defendants need not consent for full magistrate judge jurisdiction) (citations omitted); *Monical v. Jackson Cnty. Sheriff's Dep't*, No. 1:17-cv-00476-YY, 2020 WL 571734, at *1 n.1 (D. Or. Feb. 5, 2020) (explaining that *Williams* does not require the consent of unnamed Doe defendants and collecting cases).

[3] The Court notes that Jackson attempted to file a First Amended Complaint without first seeking leave of the court or consent of Defendants. (ECF No. 18.) Consistent with Federal Rule of Civil Procedure 15(a)(1), the Court struck Jackson's filing and directed Jackson either to file a motion for leave to file an amended complaint, with the proposed amended complaint attached, or a response to Defendants' motion to dismiss. (ECF No. 19.) Jackson did neither. Accordingly, Jackson's original complaint is the operative complaint.

PAGE 2 – OPINION AND ORDER

that the applicable administrative regulation did not permit submission of new information. (*Id.* ¶¶ 49-51.) Further, in response, Nooth did not act to address the policy violation. (*Id.* ¶¶ 42, 52.)

In the complaint, Jackson raises claims for violations of the First, Eighth, and Fourteenth Amendments. (*Id.* at 6.)

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Self-represented litigants' "complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Hebbe*, 627 F.3d at 342 ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings[.]"). Courts must "afford [a self-represented litigant] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342). "Unless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

///

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

Defendants ask the Court to dismiss all of Jackson's claims on the grounds that Jackson fails to allege: (1) an infringement upon or chilling of his rights in support of his First Amendment claim, (2) that Defendants caused Jackson harm in connection with his Eighth Amendment claim, and (3) a constitutional deprivation in support of his Fourteenth Amendment claim. (*See* Defs.' Mot. Dismiss ("Defs.' Mot.") at 3-7, ECF No. 12.)

**I.   FIRST AMENDMENT CLAIM**

Jackson alleges that Nooth violated his First Amendment rights by rejecting his grievance appeal under the pretext that Jackson failed to provide additional information in the appeal when the applicable rules did not permit submission of any additional information. (Compl. ¶¶ 48-51, 55.) Jackson asserts that Nooth sought additional information in violation of the administrative rules to "avoid responsibility and hinder" Jackson's ability to seek administrative redress. (*Id.* ¶¶ 53, 55.) Defendants argue that Jackson has failed to state a First Amendment retaliation claim because he does not allege an infringement upon or a chilling of his rights. (Defs.' Mot. at 3.)

AICs have a First Amendment right to file grievances and to be free from retaliation for doing so. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("Retaliation against [AICs] for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law.'") (citations omitted). An AIC can state a viable retaliation claim by alleging: "(1) An assertion that a state actor took some adverse action against an [AIC] (2) because of (3) that [AIC]'s protected conduct, and that such action (4) chilled the [AIC]'s exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). A plaintiff need not demonstrate total chilling of First Amendment rights but instead may allege that the "official's acts would

PAGE 4 – OPINION AND ORDER

chill or silence a person of ordinary firmness from future First Amendment activities." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (quoting *Rhodes*, 408 F.3d at 568).

Jackson has not stated any facts to support his allegation that Nooth denied his appeal *because* of and in retaliation for Jackson's use of the prison grievance system. *See Ramirez v. Cal. Dep't of Corr. & Rehab.*, No. 2:19-cv-06910-ODW-JDE, 2019 WL 7821470, at *8 (C.D. Cal. Dec. 30, 2019) (concluding that the plaintiff failed "to plead facts showing a causal connection" between protected conduct and denial of his grievance), *report and recommendation adopted*, 2020 WL 509130 (C.D. Cal. Jan. 31, 2020). Neither does Jackson plead that the denial of a grievance appeal would chill a person of ordinary firmness from future First Amendment activities. *See Kakatin v. Kiaina*, No. 15-cv-00337-JMS-BMK, 2015 WL 9460119, at *5 (D. Haw. Dec. 23, 2015) (dismissing retaliation claim because "Plaintiff fails to assert facts showing that [the defendant] denied his grievances *because* Plaintiff filed such grievances, or that this denial chilled Plaintiff's exercise of his First Amendment rights and had no rational or legitimate penological purpose."); *Coto v. Moffett*, No. 1:13-cv-00864-LJO, 2014 WL 6698256, at *3 (E.D. Cal. Nov. 26, 2014) ("Plaintiff has not alleged any facts indicating how his First Amendment activity was in any way chilled. Plaintiff's conclusory allegation that he is being retaliated against is unsupported by specific factual allegation. This claim should therefore be dismissed."). To the extent that Jackson alleges a retaliation claim, the Court dismisses Jackson's claim.

Jackson also alleges that Nooth "us[ed] this tactic to avoid responsibility and hinder my ability to seek redress administratively ultimately violating my [First] amendment right of access . . . to the courts and my right to petition my government for redress of grievance." (Compl. ¶ 55.) An AIC's right of access to courts is a "First Amendment right subsumed under the right to petition the government for redress of grievances." *Johnson v. Noack*, No. 3:16-cv-00443-SB,

PAGE 5 – OPINION AND ORDER

2018 WL 3340876, at *3 (D. Or. July 6, 2018) (citation omitted). "The doctrine of standing requires an [AIC] to allege an 'actual injury' due to interference with the [AIC]'s right to access the courts." *Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1236 (D. Or. 2017) (quoting *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)). "The 'actual injury' requirement means an [AIC] suing for denial of access to courts must allege that a 'nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis*, 518 U.S. at 353). A plaintiff must demonstrate "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

Jackson has not alleged that Nooth's denial of his grievance appeal interfered with a nonfrivolous legal claim. Jackson was able to file various levels of grievance appeals, and the Court has not dismissed any of his claims for failure to exhaust administrative remedies. *See Hammler v. Lyons*, No. 1:19-cv-01650-AWI-GSA-PC, 2021 WL 2805861, at *9 (E.D. Cal. July 6, 2021) ("While a prison official's alleged failure to process an [AIC's] grievance may implicate a[n AIC]'s First Amendment right of access to the courts, a plaintiff may not prevail on such a claim unless he can show that he suffered an 'actual injury' as a result of a defendant's actions. . . . Plaintiff did not suffer any injury."), *findings and recommendation adopted*, 2021 WL 3164277 (E.D. Cal. July 27, 2021); *Williams v. Fox*, No. 1:16-cv-00143-EJL, 2017 WL 916432, at *6 (D. Idaho Mar. 7, 2017) ("Plaintiff has not plausibly alleged that he was blocked from accessing the courts on the actual claims that were the subject of his grievances . . . as a result of Defendants' failure to accept and process his grievances. An access to courts claim asserting that a[n AIC] lost his right to bring the underlying claims because of the grievance rejection does not appear ripe without having a court dismiss such claims on the basis of failure

to exhaust administrative remedies."); *Blake v. Hoyt,* No. 15-cv-00720-HSG, 2016 WL 4126481, at *7 (N.D. Cal. Aug. 3, 2016) ("Plaintiff is still able to utilize the established DOC grievance procedure and to access the courts (i.e., exhaust administrative remedies)[.]"). The Court dismisses Jackson's First Amendment claim.

## II.     EIGHTH AMENDMENT CLAIM

Jackson alleges, *inter alia*, that Defendants violated his Eighth Amendment rights because Surber refused to wear a mask during the COVID pandemic, and Defendants did not address the violation of the masking policy and failed to train staff regarding COVID, resulting in "a heightened exposure" to COVID. (*See* Compl. ¶¶ 5, 10, 20-25, 37-39, 42-43.) Jackson asserts that "he now suffers mental, emotional and . . . psychological injuries." (*Id.* ¶ 62.) He also argues that, where there is an unreasonable risk to an AIC's health, there is a valid Eighth Amendment claim "even where the damage has not yet occurred." (*Id.* ¶ 29.) Defendants argue that Jackson has failed to demonstrate actual harm caused by any alleged indifference. (Defs.' Mot. at 5.)

To establish an Eighth Amendment claim, an AIC must demonstrate (1) an "objectively, sufficiently serious" deprivation and (2) that the prison official acted with a "sufficiently culpable state of mind," *i.e.*, "deliberate indifference." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (simplified). "The second prong requires showing: (a) a purposeful act or failure to respond to a[n AIC]'s pain or possible medical need and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) ("[P]laintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries.") (citation omitted); *Hass v. Cnty. of Sacramento Dep't of Support Servs.*, No. 2:13-cv-01746 JAM, 2014

PAGE 7 – OPINION AND ORDER

WL 5035949, at *2 (E.D. Cal. Oct. 8, 2014) ("Actual injury—or a *continuing* risk of harm—is a necessary element of a . . . claim.") (citations omitted).

As Jackson notes, in some situations, "the Eighth Amendment protects against future harm to [AICs.]" *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In *Helling*, the plaintiff sought injunctive relief and damages. *Id.* at 28. The Supreme Court noted, "[i]t would be odd to deny an injunction to [AIC]s who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them. . . . [A] remedy for unsafe conditions need not await a tragic event." *Id.* at 33. "[T]here may be situations in which exposure to toxic or similar substances would present a risk of sufficient likelihood or magnitude—and in which there is a sufficiently broad consensus that exposure of *anyone* to the substance should therefore be prevented—that the Amendment's protection would be available even though the effects of exposure might not be manifested for some time." *Id.* at 34 (simplified). In that case, to satisfy the first prong of the Eighth Amendment analysis, the plaintiff "must show that he himself is being exposed to unreasonably high levels of" dangerous substances. *Id.* at 35. Notably, in *Helling*, the Court found it significant that the plaintiff had been moved to a different prison and was no longer subject to smoke exposure. *Id.* at 35-36.

In *Farmer v. Brennan*, the Supreme Court reiterated that the Eighth Amendment protects against future harm. An AIC need not "await the consummation of threatened injury to obtain preventive relief." *Farmer*, 511 U.S. at 845 (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)). "[I]nsofar as [the plaintiff's case] seeks injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm," the plaintiff must plead "that there is 'a contemporary violation of a nature likely to continue[.]'" *Id.* at 845-46 (quoting *United States v. Or. State Medical Soc.*, 343 U.S. 326, 333 (1952)); *see also Kane v. Core Civic,*

PAGE 8 – OPINION AND ORDER

No. 2:20-cv-01037-JAD-VCF, 2020 WL 4059701, at *7 (D. Nev. July 20, 2020) ("If a court finds that the Eighth Amendment's subjective and objective requirements are satisfied regarding a current and ongoing significant risk of serious harm to future health, it may grant appropriate injunctive relief." (citing *Farmer*, 511 U.S. at 846)).

Here, Jackson "prays for relief[.]" (Compl. at 7.) He does not seek any injunctive relief related to his Eighth Amendment claim. Further, he does not plead that he is currently being exposed to COVID. He alleges one instance where Surber refused to wear a mask (*see id.* ¶¶ 20-23) but does not allege that the violation of the masking policy was ongoing nor that it is likely to continue. The Court concludes that Jackson has not stated an Eighth Amendment claim for injunctive relief based on future harm. See *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (reversing the district court's conclusion that the plaintiff had established an Eighth Amendment violation where there was "no evidence in the record [the plaintiff] has suffered any serious injury as a result of this practice" and "[a]lthough an injunction certainly can be issued to protect [AIC]s from unsafe conditions before serious injury has occurred," the plaintiff failed to state a claim for injunctive relief); *Ardds v. Hodge*, No. 16-cv-2904-WQH-BLM, 2017 WL 5632076, at *4 (S.D. Cal. Nov. 22, 2017) ("Although Plaintiff need not wait for an injurious event to occur to seek injunctive relief, Plaintiff has not shown a real or immediate threat of . . . injury." (citing *Helling*, 509 U.S. at 33)); *Vivanco v. Cal. Dep't of Corr. & Rehab.*, No. 1:17-cv-00434-LJO-BAM, 2017 WL 4652746, at *4 (E.D. Cal. Oct. 17, 2017) (dismissing claim for injunctive relief where "there is no indication that there is any actual and immediate threat to Plaintiff, and there is no risk of future harm").

Neither has Jackson pled sufficient facts to demonstrate that Defendants caused him harm. Jackson does not allege that he contracted COVID. Although he asserts that he now

PAGE 9 – OPINION AND ORDER

suffers mental and emotional injuries (Compl. ¶ 62), he does not allege any facts demonstrating that Defendants' acts or omissions *caused* the mental and emotional harm. Accordingly, the Court dismisses Jackson's Eighth Amendment claim.[4] See *Hernandez v. Paderes*, 28 F. App'x 728, 730 (9th Cir. 2002) ("Because no harm resulted from this alleged [conduct], no finding of deliberate indifference is possible.") (citation omitted); *Tucker v. Shepherd*, No. 21-cv-00248-PHX-DGC-JFM, 2021 WL 2187018, at *3 (D. Ariz. May 28, 2021) (dismissing Eighth Amendment claim for money damages "because [the plaintiff] has not alleged he suffered any actual injury from Defendants['] . . . failure to follow [COVID] health and safety protocols") (citations omitted); *Jackson v. Pompan*, No. 12-cv-6049-SI-PR, 2013 WL 1003603, at *3 (N.D. Cal. Mar. 13, 2013) (dismissing claim where "[t]he complaint does not suggest [the defendant]'s actions caused any actual harm"); *Proffitt v. Redding Police Dep't*, No. 06-cv-2144-FCD-KJM-P, 2007 WL 334265, at *3 (E.D. Cal. Jan. 31, 2007) (dismissing claim where the plaintiff failed to allege that defendants "harmed him or caused him unnecessary pain").

### III.   FOURTEENTH AMENDMENT CLAIM

Jackson asserts that Nooth violated his right to due process by rejecting his grievance appeal for reasons incompatible with the applicable administrative rules. (Compl. ¶¶ 48-51, 54.) Defendants argue that the Court should dismiss Jackson's due process claim because he has not alleged a constitutional deprivation. (Defs.' Mot. at 7.) The Court agrees.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish

---

[4] In addition, Defendants are correct that in the absence of a physical injury, the Prison Litigation Reform Act bars Jackson from seeking compensatory damages for any alleged mental or emotional injury. *See Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) ("The district court correctly interpreted § 1997e(e) to require a showing of more than *de minimis* physical injury in order to recover compensatory damages for mental or emotional injury.").

that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). An AIC has a liberty interest in avoiding "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, to establish a due process claim, an AIC must demonstrate "a denial of adequate procedural protections." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (citing *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998)). "An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." *Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)); *see also Gonzalez v. Mullen*, 446 F. App'x 17, 18 (9th Cir. 2011) ("The district court properly dismissed [the plaintiff]'s due process claim concerning the alleged improper processing of his grievance because [the plaintiff] has no due process right to the handling of grievances in any particular manner." (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988))); *Taek Sang Yoon v. Arnett*, 385 F. App'x 666, 668 (9th Cir. 2010) ("[T]he district court properly dismissed any due process claim . . . based on defendants' alleged failure to respond to, and interference with, [the plaintiff]'s administrative grievances, because he has no due process right to the handling of grievances in any particular manner." (citing *Mann*, 855 F.2d at 640)).

Here, Jackson has not sufficiently pled deprivation of a protected liberty or property interest, and it is well established that AICs "lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez*, 334 F.3d at 860 (citing *Mann*, 855 F.2d at 640). Even if Jackson could establish that Nooth's denial of his grievance violated applicable administrative rules and policy, Jackson has nonetheless failed to state a claim. *See Suchodolski v. Peters*, No. 1:17-cv-01113-AC, 2018 WL 4926300, at *12 (D. Or. Oct. 10, 2018) (granting the

PAGE 11 – OPINION AND ORDER

defendants' motion for summary judgment on the plaintiff's due process claim—alleging that the defendants violated the grievance process—for failure "to identify the liberty or property interest protected by the Constitution"); *Barnett v. McDowall*, No. 3:13-cv-00476-AA, 2013 WL 5574617, at *4 (D. Or. Oct. 7, 2013) (dismissing the plaintiff's claim that the defendant refused to adhere to grievance procedures).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss (ECF No. 12) and dismisses Jackson's complaint with leave to amend. If Jackson believes he can cure the pleading deficiencies discussed herein, he may file an amended complaint by December 27, 2023.

**IT IS SO ORDERED.**

DATED this 29th day of November, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge